Dear Mayor Baquet:
This office is in receipt of your recent correspondence seeking guidance as to the legality of certain appointments made to the Evangeline Parish Solid Waste Commission. We respond to your questions in the following text, but first note that we have also been contacted by Mr. Gary Ortego, attorney for the Evangeline Parish Solid Waste Commission (hereafter the Commission), who has provided further information concerning the nature of the problem. His question is:
 May a member of the Ville Platte Board of Aldermen legally hold the part-time appointed position of Commission member when the appointment is made by the Evangeline Parish Police Jury?
We respond in the affirmative to Mr. Ortego's question. The individual in question would simultaneously hold local elective office as alderman and local appointive office in a separate political subdivision as Commission member. Generally, the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq., do not prohibit one from holding local elective office and full-time appointive office in a separate political subdivision or part-time appointive office in either the same or a separate political subdivision. See LSA-R.S. 42:63(D).
We reaffirm the conclusion of the author of Attorney General Opinion 91-241, determining that any member of the Ville Platte Board of Aldermen may also hold the part-time appointive position of Commission member. It is pertinent to note here that such appointment may legally be made by the Evangeline Parish Police Jury, or alternatively, the appointment may issue from the mayors of all municipalities within Evangeline Parish.[1] Such appointing authority granted the police jury and the municipal mayors is conferred by statute, as Act No. 710 of the 1984 Regular Legislative Session provides:
 Section 3. Creation of commission, membership, appointment, terms and vacancies.
 A. The Evangeline Parish Solid Waste Disposal District shall be governed by a board of commissioners consisting of thirteen members, which board is hereby created and shall be known as the Evangeline Parish Solid Waste Disposal Commission, hereafter referred to as the commission. The members of the commission shall be appointed as follows:
 (1) Six commissioners shall be appointed by the governing authority of the parish of Evangeline; and
 (2) Seven commissioners shall be appointed by the mayors of all municipalities within Evangeline Parish . . . . . (Emphasis added).
In a dual officeholding context, and specifically because of the incompatibility provisions cited therein, a problem would very definitely be presented if any of the mayors appointed themselves to the Commission; likewise, a member of the Evangeline Parish Police Jury may not serve as Commission member. (See again Attorney General Opinion 92-247). Such prohibition arises because of the language of LSA-R.S. 42:64, providing:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent. (Emphasis added).
With respect to the Ville Platte Board of Aldermen, it is only the individual holding the office of mayor who is excluded from Commission membership by LSA-R.S. 42:64A(1). The remaining members of the Board of Aldermen do not exercise appointing authority by the language of Act 710 and thus these individuals do not fall within that group of public officers excluded from Commission membership by the prohibition of LSA-R.S. 42:64A(1).
Note that the Mayor's power of appointment may not be conditioned upon the Board of Aldermen's approval. Such an ordinance (if any is of record) would be challengable as an attempt to confer upon the Board of Aldermen appointing authority which the Legislature specifically reserved to the mayors of the municipalities of Evangeline Parish. The Mayor exercises his power of appointment under Act 710 as a member of a group designated an "appointing authority" which is a separate entity from the Mayor and Board acting jointly in their capacity as local governing authority. In short, if the Legislature had intended the Mayor's appointment to be conditioned upon the Board's approval, it would have so stated in Act 710.
Further addressing your questions, note that a full-time municipal employee may also be appointed to the part-time appointive office of Commission member as the law here prohibits only the holding of full-time employment and full-time appointive office concurrently. See LSA-R.S. 42:63(E). Our conclusion here is for purposes of dual-officeholding only and does not address any applicable civil service laws to the contrary.
The municipal street commissioner may also legally be appointed to the Commission. We do not here address whether the position of street commissioner is appropriately characterized as "appointive office" or "employment" for purposes of dual-officeholding as it matters not; it is sufficient for our purposes that the law generally does not prohibit the holding of either full-time or part-time employment or appointive office concurrently with another part-time appointive office. See LSA-R.S. 42:63(E).
The Commissioners are appointed for definite terms under Act 710 and can only be removed for cause. This issue has been appropriately addressed vis-a-vis the Evangeline Parish Solid Waste Commission in Attorney General Opinion 88-107 and we reaffirm the conclusions of the author of that opinion. Note also that LSA-R.S. 33:1415 grants removal authority to the municipal governing authority over those boards and commissions created by the municipal governing authority. LSA-R.S. 33:1415 is inapplicable because, as discussed above, the municipal governing authority did not create the Commission, nor is it granted appointment authority concerning the membership.[2]
Finally, in reference to Attorney General Opinion 98-71, we continue to adhere to our stated position that the Commission is a creature of the state rather than a creature of a local governmental subdivision as Act 710 provides, in pertinent part:
 Section 5. District to constitute body corporate. The district shall constitute a body corporate in law with all the powers of a corporation, shall have perpetual existence, shall have the power and right to incur debts and contract obligations, to sue and be sued, and to do and perform any and all acts in its corporate capacity and its corporate name necessary and proper for the carrying out of the objects and purposes for which the district was created.
 Section 6. District as political subdivision, incurring debt; election imposing taxes; authority. The district is hereby declared to be a political subdivision of the state. For carrying out the purposes of this Act, the district, under the provisions of the Louisiana Constitution of 1974, shall have the power of taxation and the power to incur debt and issue bonds and to call an election for the purpose of imposing any authorized taxes or incurring debt . . . . . . . (Emphasis added).
The consequence of this determination, i.e., that the Commission is a creature of the state and not the police jury, is that the exception of LSA-R.S. 42:64A(1) is inapplicable to the appointments to the Commission made by the police jury, and thus police jurors continue to be excluded from holding concurrent Commission membership.
Neither is the Commission a creature of the municipal board of aldermen. However, we have already determined that the incompatibility provisions are applicable only with respect to municipal mayors of the Parish of Evangeline as they alone comprise the group granted the power of appointment by the Legislature via Act 710. The prohibition is inapplicable to the remaining members of the local municipal governing bodies which includes the Ville Platte Board of Aldermen because these officers are not granted the power of appointment in Act 710. Thus, these officers are not restricted from potential membership to the Commission by virtue of LSA-R.S. 42:64A(1), and the necessity of application of the exception of LSA-R.S. 42:64A(1) with respect to them is rendered moot.
Consider that portion of Attorney General Opinion 98-71 which recalls Attorney General Opinion 91-247 to be stricken in order that Opinion 98-71 is in conformity with Opinion 98-172. Finally, while Attorney General Opinion 91-247 contained no analysis concerning LSA-R.S. 42:64A(1), the legal conclusion drawn therein, i.e., that an alderman may serve as a member of the Commission, is nonetheless correct.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Mr. Gary Ortego Honorable C. Brent Coriel
[1] LSA-Const. Art. 44 § (3)(1974) defines "municipality" as "an incorporated city, town or village."
[2] LSA-R.S. 33:1415 provides, in pertinent part:
 A. In any case where the governing authority of any parish or municipality shall have created or established, or shall thereafter create or establish, any board, commission, agency, district, office, government, or any unit having governmental functions, power or authority, such governing authority is hereby authorized to abolish same . . . . However, no parish or municipal authority shall abolish any entity pursuant to this Subsection if the creation of that entity is required by state law. Where a parochial or municipal governing authority is given the power to appoint members to boards or commissions, whether presently or hereafter created, the governing authority shall also have the power to remove and replace the members or commissions.